HARRISON GRANITE CO. *v.* PENNSYLVANIA RAILROAD CO.

CARRIERS — RAILROADS — SPECIAL SERVICE — INTERFERENCE WITH
  SHIPPER'S RIGHTS—LIABILITY OF CARRIER.

> In an action against a carrier for damages arising from a
> wrongful interference with plaintiff's contract rights, evi-
> dence examined, and *held,* sufficient to support a recovery by
> plaintiff on the theory that, with knowledge of the circum-
> stances, defendant interfered with plaintiff's shipment of a
> monument over its lines by refusing its regular service, which
> would have been adequate to deliver the monument by the
> date stipulated in plaintiff's contract with the purchaser,
> and transported it by special service at a much greater ex-
> pense, which had to be paid out of the fund which had been
> raised for the purchase of the monument, and hence, ulti-
> mately, by plaintiff.

Error to Lenawee; Chester, J. Submitted May 4,
1908. (Docket No. 86.) Decided September 10, 1908.

Case by the Harrison Granite Company against the
Pennsylvania Railroad Company for wrongful interfer-
ence with plaintiff's contract rights. There was judg-
ment for plaintiff, and defendant brings error. Affirmed.

*D. B. Morgan*, for appellant.

*Smith, Baldwin & Alexander*, for appellee.

OSTRANDER, J. A reference to the statement of facts
and to the opinion of this court (145 Mich. 712) will dis-
cover the issue, which has been a second time tried. It
was said in the opinion:

"The jury might have found, from the evidence, that
the defendant, with knowledge of all the facts, refused its
regular service to the plaintiff, thus preventing plaintiff
from performing, as it would otherwise have done, its
contract with said chapter; that the special service, ren-
dered over the protest of plaintiff, was unnecessary, and

resulted, and was bound to result, in diverting to the defendant $700 which otherwise would have been paid to plaintiff, and which has, in consequence, been wholly lost to plaintiff."

It is the claim of defendant, appellant, that upon the second trial it is established that the defendant received no money from the chapter, but did receive its pay for the special service from an individual who provided the special service as a gratuity to the ladies of the chapter without expectation of being repaid by them; that neither the defendant nor the person who paid for the special service knew or had reason to believe that the plaintiff would be charged finally with the cost of the special service. There is testimony supporting these conclusions, and it was not introduced upon the first trial. It is not conclusive. The tendency of the testimony upon the second trial is as stated in the report of the case already referred to. There was also introduced, upon the part of plaintiff, testimony tending to prove that the chapter declined to contract for the monument until after they had the fund to pay for it on hand; that they procured the money, $1,500, in part at least, by entertainments given by various associations of the ladies of the chapter, deposited it in bank, and referred the agent of plaintiff to an officer of the bank of deposit for confirmation of the fact; that the chapter had no capital or property or financial responsibility otherwise. By the terms of the contract entered into, this sum, $1,500, was to be paid to plaintiff in consideration of performance of the contract on its part. The person who arranged for and who paid the defendant for the special service was the husband of the president of the chapter. Upon learning that special service was to be given the car containing the monument, plaintiff's president protested, told the agent of defendant that the cost would in all probability come out of the fund, and asked to have the arrangement canceled. He told defendant's agent that plaintiff would hold defendant responsible for any damages suffered if it gave the special service, and the

154 MICH.—4.

representative of the firm of attorneys to whom plaintiff's president was referred, and who demanded the deposit of a certified check as a condition of canceling the arrangement for special service, said that the $700 would be taken out of the money accumulated to pay plaintiff. It was taken out, and Mr. Blythe, who in the first instance paid defendant, was reimbursed. It may be said that upon the second trial plaintiff's case was more complete than it was upon the earlier trial. It must be said that the issue was for a jury, and that the criticisms made of the charge of the court are, except from the point of view of defendant which has been stated, without merit.

The judgment is affirmed.

HOOKER, MOORE, CARPENTER and McALVAY, JJ., concurred.